IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE KENNETH ALLEN, II   *

Plaintiff   *

v   *   Civil Action No. RDB-16-2501

WARDEN FRANK BISHOP, et al.   *

Defendants   *

\*\*\*

## MEMORANDUM

Defendants Warden Frank Bishop, Lt. Michael Bulger, Officer Brett Payton, Officer David Lepley, Correctional Case Management Specialist Jason McMahan, and Correctional Case Management Manager Richard Roderick filed a Motion to Dismiss or in the alternative for Summary Judgment in response to the above-entitled civil rights complaint. ECF 20 and 22.[1] Plaintiff was advised of his right to file an Opposition Response to the motion and of the consequences of failing to do so by letter from the Clerk of this Court. ECF 21 and 23. He has filed nothing further in the case and the motion remains unopposed. For the reasons stated below, the motion, construed as a Motion for Summary Judgment,[2] shall be granted.

## Background

Plaintiff Lawrence Kenneth Allen, an inmate committed to the custody of the Maryland Department of Public Safety and Correctional Services and at all times relevant confined at North Branch Correctional Institution ("NBCI"), asserts he was "viciously, violently, savagely

---

[1] Defendants filed a corrected Memorandum in Support which was docketed at ECF 22. Plaintiff was given a second notice to file an Opposition Response after it was filed.

[2] Defendants' dispositive submission will be treated as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56 because materials outside the original pleadings have been considered. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

attacked and assaulted" on June 14, 2016, when Lt. Wilt,[3] Sgt. Schoeder, Sgt. Bulger, Officers Crowe, Payton, Lepley and Gilpin entered his cell. ECF 1 at p. 3. He claims these officers "dragged and stomped" him. *Id.* Although it is not entirely clear from the content of the complaint, it appears Allen claims the assault occurred following his receipt of a Notice of Infraction issued by Case Managers Ms. Zies[4] and Ms. Leese. *Id.* He asserts that when the infraction was issued Zies and Leese told him he should not seek assistance from the warden regarding his "current release situation." *Id.*

Attached as exhibits to the complaint are documents reflecting that Allen was considered for restoration of 1436 days of revoked good conduct credits. ECF 1-1 at p. 7. Staff considering the restoration recommended restoration of 180 days of good conduct, noting Allen's "medical issues and recent writing campaign." *Id.* Allen also attaches an administrative remedy procedure complaint ("ARP") in which he addresses Warden Bishop and claims the "allegations made at [his] restoration hearing were to quote Lt. Wilt known to be false." *Id.* at pp. 5 – 6. He further complains that Case Management Manager Richard Roderick was refusing to hold another restoration hearing. *Id.* at p. 6.

As relief, Allen seeks monetary damages and an immediate release from custody. ECF 1 at p. 3.

Defendants assert that there is no record of a Use of Force or Serious Incident involving Allen on June 14, 2016. ECF 22 at Ex. 1 (Declaration of John White, Case Management Specialist II). There are no reports or daily log entries indicating anything occurred involving

---

[3] In his supplemental complaint, Allen states that Lt. Wilt was improperly named and that Captain P.H. Pennington is the correct Defendant.

[4] In a supplemental complaint Allen states the correct name for the case managers are J. McMahan and R.S. Roderick. ECF 6.

Allen and there are no medical records within two weeks before, on, or after June 14, 2016, indicating that Allen requested medical care due to an assault. *Id.*

Officer Benjamin Crowe asserts that Allen was housed in Housing Unit 1 during June, 2016. ECF 22 at Ex. 2, ¶3 (Declaration of Officer Crowe). Crowe denies assaulting Allen. *Id.* at ¶4. Officer Brett Payton also denies assaulting Allen. *Id.* at Ex. 3, ¶4 (Declaration of Officer II Brett Payton). Officer Andrew Gilpin was not in Housing Unit 1 on June 14, 2016, and explains he was assigned to a different duty station. *Id.* at Ex. 4, ¶4 (Declaration of Officer Andrew Gilpin). Gilpin also denies assaulting Allen as alleged. *Id.* at ¶5. Officer David Lepley denies assaulting Allen and states he was not even working on June 14, 2016, as it was his regularly scheduled relief day. *Id.* at Ex. 5, .¶¶4 & 5 (Declaration of Officer David Lepley), *see also* Ex. 1 at p. 6 (Post Assignment Worksheet for June 14, 2016).

Defendants further state that Allen filed 326 ARPs during his confinement at NBCI. ECF 22 at Ex. 1, pp. 7 – 17 (ARP Index). One ARP submitted on June 19, 2016, alleged that Allen was being threatened and harassed by Officer Payton. *Id.* at ¶ 7. Allen was directed to resubmit the complaint with details concerning the allegation such as the date and time of the alleged conduct and information regarding the harassment. *Id.* When Allen failed to resubmit the ARP as directed, it was dismissed. *Id.* Notwithstanding Allen's penchant for filing ARPs, he did not file one alleging he was assaulted on June 14, 2016.

Richard Roderick states that he attended a hearing regarding restoration of good conduct credit for Allen, as the Warden's designee, on October 18, 2012. ECF 22 at Ex. 6, ¶ 5 (Declaration of Richard Roderick). The team considering restoration included Jason McMahon, Lt. Pennington, and Case Management Specialist Charlotte Zeis. *Id.* at ¶7. Roderick and McMahon assert that all of the information considered for the hearing and documented on the

Case Management Sheet was true and was gathered from Allen's institutional basefile and OBSCIS. ECF 22 at Ex. 6, ¶ 6 and 7, ¶ 6 (Declaration of Jason McMahon). Based on that information, the team recommended restoration of 180 days of good conduct credit. ECF 22 at Ex. 6, ¶ 9. Roderick, who was Acting Assistant Warden at the time, approved the recommendation. *Id.*

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

4

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.* at 38.

The undisputed record evidence establishes that there is no objective indication that Allen was assaulted as alleged in the complaint. In the face of Defendants' denials, Allen has remained silent and has not forecast any relevant, objective evidence in support of his unverified complaint.

To the extent the complaint raises a claim regarding the propriety of the decision to restore only a portion of good conduct credits revoked, the claim is time-barred. "Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: it is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549

5

U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts & Jud. Proc. § 5-101. The decision regarding restoration of credits occurred on October 18, 2012; the complaint was filed on July 5, 2016, more than three years after the decision was made.

Notwithstanding the untimeliness of the claim, sentence and diminution credit calculation issues are matters of state law and do not state a federal constitutional claim. *See McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970).

A separate Order granting summary judgment in favor of Defendants follows.

SEPTEMBER 14, 2017
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE